The opinion of the court was delivered by
Spencer, J.
Plaintiff, as tutor of his four minor children, enjoins a-writ for the seizure and sale of their plantation issued to pay a mortgage debt held by G. A. Breaux. The grounds of injunction are, first, that part of the property seized is' exempt from sale under the homestead act; second, that the sheriff is proceeding to sell said lands without subdivision into lots of ten to fifty acres.
First — The property seized belongs exclusively to four minor children of Greig, and they hold it in indivisión.
They are under the tutorship of their father, and do not come within the terms of the homestead act as persons having others dependent •upon them. Property held in indivisión can not be the object of a homestead right. See 23 A. 153; 23 A. 733, 832; and Cole vs. LaChambre, not yet reported.
Second — By act 32 of regular session of 1877, approved March 8tb, the law (sec. 3451 of Revised Statutes) providing the mode of dividing land into lots was repealed. This act repeals the special laws referred to in art. 654 C. P. We have held that “art. 132 of the,constitution is of that class of provisions which remain necessarily inoperative until the mode of giving them effect is provided by statute.” Bohn vs. Bossier, 29 A. 146; 24 A. 214. The sale in this case was advertised to take place *1131 on Saturday, 5th May, 1877, nearly two months after the repeal of the law providing the manner of division under art. 132 of the constitution.
There are other satisfactory reasons urged why the plaintiffs are not entitled to the homestead, or to the division into lots, but it is unnecessary to state them.
The judge a quo dissolved the injunction but refused to give damages. The defendant and appellee has filed an answer to plaintiffs’ appeal praying for damages. The plaintiffs in this cause are minors. Their tutor has abused the equitable writ of injunction ; but we are not disposed to visit his sins upon them, beyond what will be a most moderate allowance to the defendant for his expenses and costs. We will allow damages to the amount of five per cent on the amount of principal and interest of the debt enjoined.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, and that the defendant, G. A. Breaux, do-have and recover of the plaintiffs and surety on the injunction bond in solido, as damages, five per cent on the amount of judgment enjoined, and as thus amended said judgment is affirmed ; appellant to pay costs of both courts.